1

**Patrick Kolasinski (CA SBN 262363)**
The Law Offices of Patrick Kolasinski
2
1120 14th Street, Suite 4
Modesto, CA 95354
3
(209) 408-0104
patrick@kolasinski-law.com
Attorney for Plaintiff Bibi Shagoofa

4

5

IN FEDERAL DISTRICT COURT FOR THE

6

CENTRAL DISTRICT OF CALIFORNIA

7

8
BIBI SHAGOOFA,

9
                         Plaintiff,                    No.

10
                  v.                                   **COMPLAINT**

11
NAZIR AHMAD ESHAQZI, HASIB
HOTAKI, and BEHISHTA ABDUL
SATTAR,

12
                         Defendants.

13

14

15
                    **I. INTRODUCTION**

16
1.      This is a lawsuit for immigration financial support under the United

17
States and Immigration Services ("USCIS") Form I-864, Affidavit of Support

18
("Affidavit of Support").

19
2.      The Affidavit of Support was created by the United States Congress in

20
1996 to ensure that family-sponsored immigrants are ensured a basic level of

21
financial wellbeing, sufficient to meet the most basic needs of life.

22
//

23
/

3.    In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4.    The Affidavit of Support is a legally binding contract between the sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5.    If a visa petitioner himself has inadequate income to serve as an Affidavit of Support sponsor, he may obtain the assistance of an additional "joint sponsor." The joint sponsor executes an additional Affidavit of Support and becomes jointly and severally liable.

6.    Plaintiff Bibi Shagoofa is the beneficiary of two Affidavits of Support – one signed by each Defendant.

7.    Defendant Nazir Ahmad Eshaqzi, Ms. Shagoofa's estranged husband, served as her visa petition and primary Affidavit of Support sponsor (the "Primary Affidavit of Support"). Defendant Hasib Hotaki, served as an additional joint sponsor for Ms. Shagoofa, executing a second Affidavit of Support for her benefit (the "Joint Sponsor Affidavit of Support"). Finally, Behishta Abdul Sattar, signed a Form I-864A "Household Member Contract," agreeing to be jointly and severally liable on the Joint Sponsor Affidavit of Support.

8.    The Defendants have failed to provide Ms. Shagoofa with the basic level of financial support promised in the Affidavits of Support and have declined Ms. Shagoofa's demand that they voluntarily comply with their obligations. This

lawsuit seeks to compel the Defendants to fulfill the support duty mandated by the Affidavit of Support and associated federal law. *Cf.* 8 U.S.C. § 1183a.

## II. JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

10.     This Court has personal jurisdiction over the Defendants as, by signing Affidavits of Support, they submitted to the jurisdiction of any court with subject matter jurisdiction over Ms. Shagoofa's claims. 8 U.S.C. § 1183a(a)(1)(C).

11.     Venue is proper in this District as a substantial part of the events or omissions giving rise to the claims occurred in this District, to wit, Ms. Shagoofa's suffering caused by the Defendants' breach of contract. 28 U.S.C. § 1391(b)(2).

## III. PARTIES

9.      Plaintiff Bibi Shagoofa is a citizen of Pakistan and lawful permanent resident ("Resident") of the United States of America.

10.     Ms. Shagoofa resides in Orange County, California.

11.     Defendant Nazir Ahmad Eshaqzi is a citizen of the United States of America and is Ms. Shagoofa's estranged spouse.

12.     Nazir Ahmad Eshaqzi served as Ms. Shagoofa's visa petitioner, and executed an Affidavit of Support in the process, thereby contractually promising to provide a specified level of financial support to Ms. Shagoofa.

13.     Nazir Ahmad Eshaqzi resides in Buena Park, California.

14. Defendant Hasib Hotaki is a citizen of the United States of America.

15. Hasib Hotaki served as Ms. Shagoofa's joint sponsor by executing an additional Affidavit of Support, thereby contractually promising to be jointly and severally liable with respect to Nazir Ahmad Eshaqzi's support duty to Ms. Shagoofa.

16. Upon information and belief, Hasib Hotaki resides in Tustin, California.

17. Behishta Abdul Sattar is Mr. Hotaki's spouse who signed a contract agreeing to be jointly and severally liable with respect to the support owed to Ms. Shagoofa.

18. Upon information and belief, Ms. Sattar resides in Tustin, California.

## IV. FACTUAL ALLEGATIONS

**Background concerning the Affidavit of Support.**

19. Since 1882 federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

20. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

21. The Affidavit of Support is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

22. The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit: (A) self-petitioners under the Violence Against Women Act; (B) grandfathered immigrants with petitions pending prior to December 19, 1997; (C) those who

have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act; (D) a child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1);  and (E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

23.    The Affidavit of Support has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

24.    Once executed, the Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1183a(a)(1)(B).

25.    By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1183a(a)(1)(A).

26.    The Affidavit of Support expressly incorporates by reference the Immigration and Nationality Act, and by extension the implementing regulations thereof. *Cf.* 8 C.F.R. Part 213a.

27.    As used in the Affidavit of Support, 8 U.S.C. § 1183a, and 8 C.F.R. Part 213a, "income" means an individual's total income (or adjusted gross income for those who file IRS Form 1040EZ) for purposes of the individual's U.S. Federal income tax liability, including a joint income tax return. 8 C.F.R. § 213a.1.

28.    The Federal Poverty Guidelines (poverty line) are published annually in the Federal Register by the Department of Health and Human Services.

/

29.     In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year according to the individual's U.S. state of residency.

30.     The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1183a(a)(1)(B); 8 C.F.R. § 213a.2(d).

31.     Per 8 C.F.R. § 213a.4(a)(2) a sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsorship obligation under the Affidavit of Support.

32.     By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

33.     By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept ach of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States.

34.     The Affidavit of Support sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. *See* 8 U.S.C. § 1183a(d).

/

35.     An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.

36.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

37.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

38.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

39.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Fourth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

40.     The sponsor's obligation under the Affidavit of Support concludes once the beneficiary dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E).

41.     In order to serve as an Affidavit of Support sponsor, an individual must demonstrate income at our above 125% of the poverty line for the individual's household size. 8 U.S.C. § 1183a(f)(1)(E).

42.     If the income of the visa petitioner is below 125% of the poverty line, the individual may demonstrate that he or she owns assets equal to at least five times the income shortfall (or three times in the case of marriage-based case). Such assets must be convertible to U.S. cash within 12 months. 8 U.S.C. § 1183a(f)(6)(A)(ii).

43.     An immigration petitioner who lacks sufficient financial ability to serve as an Affidavit of Support sponsor may obtain the assistance of an additional individual who agrees to serve as a "joint sponsor" by executing and filing an additional Affidavit of Support. 8 U.S.C. § 1183a(f)(5)(A).

44.     By signing the Affidavit of Support a joint sponsor is jointly and severally liable to the Affidavit of Support beneficiary, as between the primary and joint sponsor. 8 U.S.C. § 1183a(f)(5)(A); 8 C.F.R. § 213a.1.

45.     An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

46.     Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(d).

47.     A sponsor's support obligation under the Affidavit of Support commence when an intending immigrant obtains Resident status on the basis of an application that included the sponsor's Affidavit of Support. 8 C.F.R. § 213a.2(e)(1).

/

48.     Where an individual lacks sufficient wherewithal to serve as an Affidavit of Support sponsor in their own right, they may rely upon the income of a qualifying household member. For such income to be considered, the household member must execute a USCIS Form I-864A, Contract Between Sponsor and Household Member ("Household Member Contract").[1] 8 C.F.R. 213a § 213a.2(c)(2)(i)(C)(1).

49.     The Household Member Contract is an agreement between the household member and the Affidavit of Support sponsor. 8 C.F.R. 213a § 213a.2(c)(2)(i)(C)(2).

50.     By signing the Household Member Contact, the household member agrees to provide the sponsor with as much financial assistance is needed to maintain the income of the sponsored intending immigrant at 125 percent of the poverty line for their household size. 8 C.F.R. 213a § 213a.2(c)(2)(i)(C)(2).

51.     The intending named in the Affidavit of Support is a third-party beneficiary of the Household Member Contract and has standing to enforce the household member's obligation. 8 C.F.R. 213a § 213a.2(c)(2)(i)(C)(2).

52.     The financial obligation under the Household Member Contract commences with the intending immigrant becomes a Resident based on an application that included the Contract. 8 C.F.R. 213a § 213a.2(e)(1).

//

/

---

[1] The Household Member Contract is referred to in the implementing regulations of 8 U.S.C. § 1183a at 8 C.F.R. Part 213a as the "affidavit of support attachment." Cf. 8 C.F.R. 213a § 213a.2.

53.     The financial obligation under the Household Member Contract ends upon the same five terminating events that apply to the Affidavit of Support. 8 C.F.R. 213a § 213a.2(e)(2).

**Plaintiff's immigration to the United States.**

54.     Ms. Shagoofa and Nazir Ahmad Eshaqzi were married on April 18, 2018.

55.     Nazir Ahmad Eshaqzi thereafter commenced the process of facilitating Ms. Shagoofa's immigration to the United States.

56.     Upon information and belief, Nazir Ahmad Eshaqzi signed a U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative (the "Visa Petition").

57.     Upon information and belief, the Visa Petition listed Ms. Shagoofa as the intending immigrant beneficiary of the petition.

58.     Upon information and belief, Nazir Ahmad Eshaqzi transmitted the signed Visa Petition to USCIS.

59.     By filing the Visa Petition, Nazir Ahmad Eshaqzi had initiated the process of securing United States Residency status for Ms. Shagoofa.

60.     Upon information and belief, Nazir Ahmad Eshaqzi's Visa Petition was approved.

61.     Upon information and belief, Ms. Shagoofa thereafter applied for an immigrant visa to the United States on the strength of the approved Visa Petition.

//

/

62.      Ms. Shagoofa did not qualify for any of the grounds at 8 C.F.R. §
213a.2(a)(2)(ii) that would have exempted her from the requirement to file an
Affidavit of Support as a requirement for her immigrant visa application.

63.      On April 22, 2020, Nazir Ahmad Eshaqzi signed an Affidavit of Support,
listing Ms. Shagoofa as the intending immigrant beneficiary (the "Primary
Affidavit of Support"). Exhibit 1, p. 8.

64.      A copy of the Primary Affidavit of Support is attached as Exhibit 1.

65.      Upon information and belief, Nazir Ahmad Eshaqzi caused the Primary
Affidavit of Support to be filed with USCIS in support of Ms. Shagoofa's Visa
Application.

66.      Upon information and belief, in support of the Primary Affidavit of
Support, Nazir Ahmad Eshaqzi filed proof of his income in the form of
documentation of his federal income tax filings with the Internal Revenue
Service.

67.      On April 22, 2020, Hasib Hotaki signed a second Affidavit of Support
(the "Joint Sponsor Affidavit of Support"). Exhibit 2, p. 8.

68.      Exhibit 2 is a copy of the Joint Sponsor Affidavit of Support.

69.      The Joint Sponsor Affidavit of Support listed Ms. Shagoofa as the
intending immigrant beneficiary. Exhibit 2, p. 1.

70.      Upon information and belief, the Joint Sponsor Affidavit of Support was
filed in support of Ms. Shagoofa's Visa Application.

71.      On April 22, 2022, Behishta Abdul Sattar signed a Household Member
Contract, listing Ms. Shagoofa as the intending immigrant beneficiary.

72. A copy of the Household Member Contract is attached as Exhibit 3.

73. Upon information and belief, the Household Member Contract was filed in support of Ms. Shagoofa's Visa Application.

74. Upon information and belief, the U.S. State Department approved Ms. Shagoofa's Visa Application.

75. Ms. Shagoofa thereafter traveled to the United States and was admitted as an IR1 category immigrant.

76. Ms. Shagoofa has held status as a Resident since February 2, 2022.

**Defendants' breach of contract.**

77. The Defendants' duties under the Affidavits of Support commenced on February 2, 2022.

78. Ms. Shagoofa's Resident status was based on an application that included the Primary Affidavit of Support.

79. The Primary Affidavit of Support was "executed" and is therefore an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

80. Ms. Shagoofa's Resident status was based on an application that included the Joint Sponsor Affidavit of Support.

81. The Joint Sponsor Affidavit of Support was "executed" and is therefore an enforceable contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

82. On March 25, 2022, Ms. Shagoofa ceased residing with Nazir Ahmad Eshaqzi.

//

/

83.     Since February 2, 2022, the Defendants have failed to provide Ms. Shagoofa with the required financial support pursuant to their obligations under the Affidavits of Support.

84.     Since February 2, 2022, Ms. Shagoofa's income has been beneath 125% of the poverty line for her household size, to wit, she has been unemployed and her income has been zero dollars per month.

85.     For purpose of damages calculation under the Affidavit of Support, Ms. Shagoofa has had a household of one at all times material to this matter, as she is the sole immigrant sponsored by the Primary Affidavit of Support and Joint Sponsor Affidavit of Support. *Erler v. Erler*, 824 F.3d 1173 (9th Cir. 2016).

86.     For purpose of damages calculation under the Affidavit of Support, Ms. Shagoofa has resided in one of the 48 contiguous States since becoming a U.S. Resident.

87.     As a result of the Defendants' failure to provide her with financial support, Ms. Shagoofa has suffered direct damages in an amount to be determined at trial.

**Facts concerning Terminating Events.**

88.     No event has occurred that would constitute a Terminating Event under the Affidavits of Support.

89.     The First Terminating Event has not occurred because Ms. Shagoofa has not become a U.S. citizen.

//

/

90.     The Second Terminating Event has not occurred because Ms. Shagoofa has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

91.     The Third Terminating Event has not occurred because Ms. Shagoofa has not both lost status as a permanent resident and departed from the U.S.

92.     The Fourth Terminating Event has not occurred because Ms. Shagoofa is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

93.     The Fifth Terminating Event has not occurred because Ms. Shagoofa is alive.

94.     Defendants' duties under the Affidavits of Support remain in effect.

### V. CLAIMS FOR RELIEF

**1 – Breach of contract (Defendant Nazir Ahmad Eshaqzi).**

95.     Ms. Shagoofa re-alleges and incorporates all paragraphs above as though fully stated herein.

96.     By executing the Primary Affidavit of Support, Defendant Nazir Ahmad Eshaqzi entered into an express written contract with the United States Government.

97.     Ms. Shagoofa is a third-party beneficiary of the Primary Affidavit of Support.

98.     Ms. Shagoofa has standing as third-party to enforce her rights under the Primary Affidavit of Support.

99.     Under the express terms of the Primary Affidavit of Support, Defendant Nazir Ahmad Eshaqzi agreed to provide Ms. Shagoofa with any support necessary to maintain her at an income that is at least 125 percent of the poverty line for her household size.

100.    Defendant Nazir Ahmad Eshaqzi's responsibility to provide income support commenced on February 2, 2022, when Plaintiff became a lawful permanent resident of the United States.

101.    All conditions precedent to Defendant Nazir Ahmad Eshaqzi's duty to perform on the Primary Affidavit of Support were fulfilled as of February 2, 2022.

102.    Defendant Nazir Ahmad Eshaqzi has breached the Primary Affidavit of Support by failing to provide income support to Plaintiff.

103.    As a result of Defendant Nazir Ahmad Eshaqzi's breach, Ms. Shagoofa has suffered damages in an amount to be determined at trial.

**2 – Breach of contract (Defendant Hasib Hotaki).**

104.    Ms. Shagoofa re-alleges and incorporates all paragraphs above as though fully stated herein.

105.    By executing the Joint Sponsor Affidavit of Support, Defendant Hasib Hotaki entered into an express written contract with the United States Government.

106.    Ms. Shagoofa is a third-party beneficiary of the Joint Sponsor Affidavit of Support.

/

107.    Ms. Shagoofa has standing as third-party to enforce her rights under the Joint Sponsor Affidavit of Support.

108.    Under the express terms of the Joint Sponsor Affidavit of Support Defendant Hasib Hotaki agreed to provide Ms. Shagoofa with any support necessary to maintain her at an income that is at least 125 percent of the poverty line for her household size.

109.    Defendant Hasib Hotaki's responsibility to provide income support commenced on February 2, 2022, when Ms. Shagoofa became a lawful permanent resident of the United States.

110.    All conditions precedent to Defendant Hasib Hotaki's duty to perform on the Joint Sponsor Affidavit of Support were fulfilled as of February 2, 2022.

111.    Defendant Hasib Hotaki has breached the Joint Sponsor Affidavit of Support by failing to provide income support to Ms. Shagoofa.

112.    As a result of Defendant Hasib Hotaki's breach, Ms. Shagoofa has suffered damages in an amount to be determined at trial.

**3 – Breach of contract (Defendant Behishta Abdul Sattar).**

113.    Ms. Shagoofa re-alleges and incorporates all paragraphs above as though fully stated herein.

114.    By executing the Household Member Contract, Defendant Behishta Abdul Sattar entered into an express written contract.

115.    Ms. Shagoofa is a third-party beneficiary of the Household Member Contract.

/

116.     Ms. Shagoofa has standing as third-party to enforce her rights under the Household Member Contract.

117.     Under the express terms of the Household Member Contract Defendant Behishta Abdul Sattar agreed to provide Ms. Shagoofa with any support necessary to maintain her at an income that is at least 125 percent of the poverty line for her household size.

118.     Defendant Behishta Abdul Sattar's responsibility to provide income support commenced on February 2, 2022, when Ms. Shagoofa became a lawful permanent resident of the United States.

119.     All conditions precedent to Defendant Behishta Abdul Sattar's duty to perform on the Household Member Contract were fulfilled as of February 2, 2022.

120.     Defendant Behishta Abdul Sattar has breached the Household Member Contract by failing to provide income support to Ms. Shagoofa.

121.     As a result of Defendant Behishta Abdul Sattar's breach, Ms. Shagoofa has suffered damages in an amount to be determined at trial.

## VI. REQUEST FOR RELIEF

Ms. Shagoofa requests the following relief from the Court:

A.     Entry of judgment against the Defendants and in favor of Ms. Shagoofa each and every cause of action asserted herein.

B.     An award of actual damages in an amount $8,496 for support owed through September 30, 2022.

/

C.      An award of actual damages in an amount equivalent to 125% of the poverty line for a household size of one for the period from October 1, 2022, to the date on which judgment issues.

D.      A declaration that Ms. Shagoofa is entitled to continued receipt of financial support from Defendants in the amount of 125% the poverty line for her household size, less actual income, until the occurrence of one of the Terminating Events.

E.      An order of specific performance, requiring Defendants to make monthly payments to Ms. Shagoofa for the amount set forth in Paragraph C above, until such time as a Terminating Event occurs. That such payments shall be due by the fifth calendar day of each month and deposited in the trust account of Ms. Shagoofa's law firm.

F.      An award of all Ms. Shagoofa's attorney fees and costs per 8 U.S.C. § 1183a(c) and the fee and cost provision within the Affidavit of Support Contracts.

G.      The right to amend this complaint to conform to the evidence presented at trial.

H.      Such other and further relief in Ms. Shagoofa's favor as the Court may deem just and equitable under the circumstances.

Dated: October 4, 2022,

 /s/Patrick Kolasinski,

Attorney for *Plaintiff Bibi Shagoofa*

/

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23