UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01824-FWS-JDE                                Date: February 17, 2023
Title: Bibi Shagoofa v. Nazir Ahmad Eshaqzi *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

## I.  Background

On October 5, 2022, Plaintiff Bibi Shagoofa ("Plaintiff") filed the Complaint in this matter. (Dkt. 1.) On January 4, 2023, Plaintiff was ordered to file a Notice of Submission by February 3, 2023, indicating that a completed summons, USM-285 form(s), and copies of the Complaint were submitted to the U.S. Marshal's Service. (Dkt. 20.) On February 7, 2023, having received no further filings from Plaintiff, the court ordered Plaintiff to show cause in writing no later than February 14, 2023, why this action should not be dismissed for lack of prosecution ("Order to Show Cause"). (Dkt. 21.) The court cautioned Plaintiff that failure to comply with the Order could result in dismissal of the action. (*Id.*) As of the date of this Order, Plaintiff has not filed a Notice of Submission nor filed a response to the Order to Show Cause. (*See generally* Dkt.)

## II.  Legal Standard

The court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01824-FWS-JDE | Date: February 17, 2023 |
| Title: Bibi Shagoofa v. Nazir Ahmad Eshaqzi *et al.* | |

been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642-43. "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted).

### III.   Discussion

Having weighed the five factors, the court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Plaintiff's failure to engage with this case, file a Notice of Submission, and file a response to the court's Order to Show Cause has interfered with the public's interest in the expeditious resolution of this litigation, as well with the court's need to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, Plaintiff has failed to rebut the presumption that Defendant has been prejudiced by this unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Although the fourth factor generally weighs against dismissal, Plaintiff's failure to discharge the responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). While the fourth factor typically weighs against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01824-FWS-JDE | Date: February 17, 2023 |
| Title: Bibi Shagoofa v. Nazir Ahmad Eshaqzi *et al.* | |

deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations and internal quotation marks omitted). Accordingly, this "factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

As to the fifth factor, there is no less drastic sanction available to the court as it has already ordered Plaintiff to file a Notice of Submission, given Plaintiff an opportunity to submit a Notice of Submission, ordered Plaintiff to show cause why the action should not be dismissed for lack of prosecution, given Plaintiff an opportunity to respond to the Order to Show Cause, and cautioned Plaintiff that failure to comply could result in dismissal of the case. Accordingly, the court has taken meaningful steps to explore alternatives to dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

**IV.   Disposition**

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is directed to **CLOSE** this case.

Initials of Deputy Clerk:  mku

_____